IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| | : | Civil Action No. 24-3924 |
| ANGELINO TIGREROS, | : | |
|     Debtor. | : | Bankruptcy No. 19-17665 |
| | : | |
| ANGELINO TIGREROS, | : | Adversary No. 21-00015 |
|     Plaintiff/Debtor/Appellee, | : | |
| | : | |
| v. | : | |
| | : | |
| ORIGEN CAPITAL INVESTMENTS, III, LLC, | : | |
|     Defendant/Appellant. | : | |

### MEMORANDUM

**Henry, J.**                                                                                           June 4, 2025

    This is an appeal from a judgment of the United States Bankruptcy Court for the Eastern District of Pennsylvania. For the reasons that follow, the judgment of the Bankruptcy Court is affirmed.

    **I.**    **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

    On December 19, 2019, Angelino Tigreros ("Tigreros"), the debtor in the underlying bankruptcy matter, filed an individual bankruptcy case under Chapter 13 of the Bankruptcy Code. Origen Capital Investments, III, LLC ("Origen"), has a judgment lien against Tigreros' real property located at 534-36 West Rockland Street, Philadelphia, Pennsylvania in the amount of $71,390.74. At the time of the filing of his petition, Tigreros valued the property at $60,000.

    On February 21, 2021, Tigreros commenced an adversary proceeding against Origen in which he sought to strip Origen's judgment lien to zero based on the value of his property and the amount of liens. The Bankruptcy Court held a trial on February 28, 2022, and both parties presented testimony regarding the value of the property. (The parties had stipulated to the

1

amount of senior priority liens and the exemptions.) At trial, Tigreros presented a real estate appraisal that valued the property at $45,000 in April of 2021. Origen presented a real estate broker who used a comparative market analysis and determined that as of May 17, 2021, the property would have sold for between $105,000 and $120,000, if sold for investment purposes. *In re Tigreros*, 2023 WL 3239891 (Bankr. E.D. Pa. Apr. 30, 2023) (*Tigreros I*).

The Bankruptcy Court concluded that it was not required to value the property as of the petition date, and that the property was worth $46,200. Finding that no equity remained in Tigreros' property to secure Origen's judgment lien, the Court found in favor of Tigreros. *Id.* Origen appealed, and the Honorable Joshua D. Wolson remanded the case back to the Bankruptcy Court, stating as follows: "The Bankruptcy Court has broad discretion to pick a valuation date, but it has to provide an explanation for the date it selected, not just the date it rejected, for the valuation. It can provide that explanation on remand." *Tigreros v. Origen Capital Investments III, LLC*, 2023 WL 8373163, at *3 (E.D. Pa., Dec. 4, 2023) (*Tigreros II*)

On remand, the Bankruptcy Court stated that its valuation was made as of the date of trial based upon the April 2021 appraisal, a 2018 valuation discussed during trial and the valuation of $105,000 to $120,000 provided by Origen's witness. *In re Tigreros*, 2024 WL 36167221 (Bankr. E.D. Pa. July 31, 2024) (*Tigreros III*). Origen appealed again, and on January 9, 2025, its second appeal was reassigned from Judge Wolson to myself. Oral argument was held on May 6, 2025.

**II.   LEGAL STANDARD**

District courts have jurisdiction to hear appeals from final judgments and orders of the bankruptcy courts pursuant to 28 U.S.C. § 158. Under the Federal Rules of Bankruptcy Procedure, a district court, sitting as an appellate tribunal, "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. On appeal, legal conclusions of the Bankruptcy Court are

reviewed *de novo*, while its factual findings are reviewed for clear error. *In re O'Brien Environmental Energy, Inc.*, 188 F.3d 116, 122 (3d Cir. 1999). Factual findings of the Bankruptcy Court may be vacated as an abuse of discretion if the ruling was "arbitrary, fanciful, or clearly unreasonable" such that "no reasonable person would adopt the [lower] court's view." *Tigreros v. Origen Cap. Invs. III, LLC,* 2023 WL 8373163, quoting *In re SemCrude, L.P.*, 428 B.R. 590, 593 (D.Del. 2010) (quotation omitted).

### III.  ANALYSIS

The sole issue presented in this appeal is the valuation of Tigreros' Philadelphia property. Origen claims that by valuing the Property as of the February 28, 2022, trial date, the Bankruptcy Court committed an error, as there was "no evidence in the record concerning the value of the Property" on that date. (Docket No. 5, p. 8.)

First, Origen argues that the Bankruptcy Court erred because in its first decision, the Court valued the property as of April of 2021, and on remand, the Court "**changed** the valuation date to the February 28, 2022, trial date." (Docket No. 5, p. 9) (emphasis added.) Origen argues that the Court failed to explain why, on remand, it changed the date from April of 2021 to February 28, 2022.

I find that this is an improper characterization of the Bankruptcy Court's findings. At the trial in this matter, the Bankruptcy Court first found that it was not required to value the property as of the date that the bankruptcy petition was filed, but that it should use a flexible approach to determining the valuation date. Based upon fairness, efficiency of case administration, equitable considerations and recognition of the pandemic conditions that existed while Tigreros' bankruptcy case was ongoing, the Court found that a "valuation date other than the petition date is appropriate." *Tigreros I*, 2023 WL 3239891 at *5. The Court then went on to accept the appraisal report prepared by Tigreros' expert (dated April 21, 2021) and gave no weight to the

3

valuation of the property made by Origen's expert. Nowhere in *Tigreros I* did the Bankruptcy Court specifically state that it was selecting April 21, 2021, as the valuation date. That happened to be the date of the expert appraisal that the Court chose to credit, but there was no express adoption of April 21, 2021, as the valuation date.

Further, on appeal, the District Court stated that the Bankruptcy Court "held that Section 506 does not require the Bankruptcy Court to value the property as of the petition date" and then stated that it "**adopted** April 2021 as the valuation date and rejected Origen's expert's valuation methodology." *Tigreros II,* 2023 WL 8373163 at *2 (emphasis added.) Although the Bankruptcy Court did find that it was not required to value the property as of the petition date, it did not expressly "adopt" April 2021 as the valuation date. It merely accepted the appraisal report of Tigreros' expert that was prepared in April of 2021.

In its opinion on remand from the District Court where it was to "provide a bit more explanation for how it exercised its discretion" as to the valuation date, *Tigreros II*, 2023 WL 8373163 at *2, the Bankruptcy Court stated that it found the value of the property "based upon the 2021 Valuation" and exercised its discretion to value the property as of the trial date considering the purpose of the valuation and after consideration of a full evidentiary record. *Tigreros III*, 2024 WL 3616722. Nowhere in *Tigreros III* does the Bankruptcy Court ever state that it had **previously** determined the valuation date to be April 2021 and that it was now **changing** that date to February 28, 2022. Therefore, Origen's allegation that the Bankruptcy Court "changed" the valuation date from April of 2021 to February 28, 2022, the trial date, is a mischaracterization of the record and does not result in any error.

Origen next argues that the Bankruptcy Court erred by failing to explain why it chose February 28, 2022, as the valuation date. This argument also must fail, as the Bankruptcy Court

4

has discretion to pick a valuation date, and it adequately explained its reasons for selecting the trial date as the valuation date on remand in *Tigreros III*. The Court thoroughly discussed the purpose of the valuation, what was considered in making its valuation determination and how it arrived at the trial date as the valuation date. The Bankruptcy Court did not commit clear error, as it thoroughly explained its selection of the valuation date.

Next, Origen argues that there was no evidence supporting the value of the property as of February 28, 2022, as Tigreros presented an expert report dated April of 2021 and Origen presented a valuation witness who opined on the value of the property as of May 17, 2021. It is true that no witness presented an opinion as to the value of the property on February 28, 2022, but there is no caselaw that says such an exact and precise value is required. The Bankruptcy Court looked at the two reports from 2021, credited the one it found to be most believable and adopted its value as of the trial date. The Court also stated that it reviewed the full evidentiary record in making its decision. The 2021 report of Tigreros' expert is in fact evidence that supports the valuation of the property selected by the Court, along with the rest of the evidentiary record.

Lastly, Origen makes an argument that the Bankruptcy Court erred by failing to discuss "the requirement under section 522 of the Bankruptcy Code that property be valued as of the filing of the bankruptcy petition in connection with an impairment of exemption claim." (Docket No. 5, p. 7.) In short, Origen argues that the Court should have used one definition of value in stripping a lien down, then a different definition of value in applying an exemption as to the same piece of property. This would result in confusion for both debtors and creditors attempting to value property and would be an absurd result. Further, I was unable to locate, and Origen fails

to cite to, a single case that supports Origen's argument on this issue. Accordingly, this final argument must also fail.

## IV. CONCLUSION

Therefore, upon review of the record in this matter, as well as the parties' briefs, the Bankruptcy Court did not err determining the value of Tigreros' property. Accordingly, the judgment of the Bankruptcy Court is affirmed.